IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL No. 2:11-00090-KD-N |
| | ) | (Civil Action No. 12-00729-KD) |
| BLAKE EDWARD FRIDAY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action is before the court on a motion filed by the defendant, Blake Edward Friday, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 66). This matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the petitioner's § 2255 motion, the United States' response in opposition thereto (doc. 68), and all other pertinent portions of the record,[1] it is the recommendation of the undersigned that the § 2255 motion be **DENIED.**

I. BACKGROUND

At the pretrial conference conducted on May 9, 2011, Friday's counsel advised the Court that "defendant will enter a guilty plea to all counts of the indictment **except** Count 5, which charges that he "did knowingly use, and carry a firearm . . . in furtherance of the said drug trafficking crime." (Doc. 32, emphasis in original). On May 18, 2011, Friday entered a blind plea to the following counts of the indictment: conspiring to manufacture methamphetamine (count one) and to traffic methamphetamine (count two), under 21 U.S.C. § 846; trafficking methamphetamine under 21 U.S.C. § 841(a)(1) (count four); possession of a firearm by a drug

---

[1] Although given an opportunity (doc. 67) to reply to the response filed by the United States (doc. 68), Friday neither filed such a reply nor sought an extension of time within which to do so. He, therefore, does not contest the government's assertions regarding the merits of his claim.

user under 18 U.S.C. § 922(g)(3) (count six); and possession of precursor chemicals under 21 U.S.C. § 841(c)(1) (counts eight, thirteen, eighteen, and twenty-two). (Docs. 41; 59 at ¶ 2). On May 27, 2011, Friday pled guilty to Count 5 pursuant to a written plea agreement, which provided, *inter alia*, that the government would not bring any additional charges against the defendant and would recommend the low end of the guideline range as well as allow the defendant an opportunity to earn a substantial assistance motion. (Docs. 39, 41, 59 at ¶ 3).

On December 16, 2011, Friday was sentenced to "SIXTY (60) MONTHS, as to each of Counts 1, 2, 4, 6, 8, 13, 18 and 22; said terms to run concurrently; and, 60 months, as to Count 5; said term to run consecutively to the custody sentences imposed in Counts 1, 2, 4, 6, 8, 13, 18 and 22." (Doc. 63). Although there was no statutory minimum sentence for counts 4, 6, 8, 13, 18 and 22, a statutory minimum sentence of five years (60 months) which could run concurrently was required for counts one and two and another statutory minimum sentence of five years (60 months) was required for Count 5, which had to run consecutively to the sentence imposed on the other counts. The sentence imposed in this case was consistent with the applicable statutory minimum sentence. (Docs. 59 at ¶ 72, 63). The sentence imposed for counts 1, 2, 4, 6, 8, 13, 18 and 22 was also a 10-month variance below the low-end of the applicable guideline range of 70 to 87 months. (Docs. 59 at ¶ 72, 64 at 2, 4).

Following the sentencing hearing, Friday executed and filed a notice that he did not desire to take an appeal. (Doc. 65). No direct appeal was taken. Friday filed the present § 2255 motion on November 19, 2012, alleging two claims of ineffective assistance of counsel. (Doc. 66). Friday asserts the following claims:

> Ground One: Ineffective assistance of counsel
> (A) Supporting Facts: I believe that my lawyer was not effective in addressing mental illness in my case with the courts, and mental illness is justifiable ground for a downward departure filing. What is more, mental illness was adequately

2

portrayed and adequately provided in the preliminary sentencing investigation performed by the probation office prior to sentencing, which showed a lengthy history of mental illness and treatment.

Ground Two: Ineffective assistance of counsel
(A) Supporting Facts: As part of my plea deal, my lawyer did not fully comprehend nor did he fully make me aware of the fact that the drug trafficking charge would yield another 5 year sentence even though I never engaged in the act of drug trafficking. I did not sell drugs across state lines. I did not manufacture drugs across state lines. I did not have people purchase Sudaphedrin for me to use in my manufacturing across state lines. I believe my lawyer was not effective in fighting this charge prior to my plea acceptance.

(Doc. 66 at 2).

The United States filed its response in opposition on December 20, 2012, asserting, in sum, that this motion is due to be summarily denied as a matter of law. (Doc. 68). Although Friday has elected not to reply to the government's position, the issues have been adequately briefed and are ripe for adjudication.

## II. STATEMENT OF THE LAW

A. Habeas Standard.

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a [] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *see also* Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of the collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Consequently, '[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 WL 3200694 at *3 (S.D. Ala. 2008).

  B.  Strickland v. Washington Standard.

A two-fold analysis must be applied to claims of ineffective assistance of counsel, as set forth by the Supreme Court and the Eleventh Circuit:

> To succeed on a claim of ineffective assistance, a habeas petitioner must satisfy both prongs of the test set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The performance prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89, 104 S.Ct. at 2064-65. The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense. *Id*. at 687, 104 S.Ct. at 2064.
>
> Unless a petitioner satisfies the showings required on both prongs, relief is due to be denied. *Id*. As a result, once a court decides that one of the requisite showings has not been made it need not decide whether the other one has been. *Id*. at 697, 104 S.Ct. 2069 (A court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one."); Duren v. Hopper, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong"). . . .
>
> To establish prejudice, a petitioner must show "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. [P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect of the outcome of the proceeding' is insufficient to show prejudice." Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (*quoting* Strickland, 466 U.S. at 693, 104 S.Ct. at 2067).

United States v. Butcher, 368 F.3d 1290, 1293-94 (11th Cir. 2004). In making the performance determination, conduct must be evaluated from the attorney's perspective at the time in order to avoid the distorting effects of hindsight. Strickland, 466 U.S. at 689; *see also* Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009)(" a court must avoid 'the distorting effects of

4

hindsight' and must 'evaluate the conduct from counsel's perspective at the time'."). ."). In guilty plea cases, the prejudice showing requires a defendant to demonstrate that, but for alleged ineffective assistance of counsel, the defendant would not have pleaded guilty. Hill v. Lockhart, 472 U.S. 52, 59 (1985). Given the petitioner's exacting burden, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*).

III. ANALYSIS.

In order for Friday to establish ineffective assistance of counsel, he "must show that his attorney's performance was deficient and that the deficiency was prejudicial." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). However, "[c]onclusory allegations of ineffective assistance are insufficient" Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), *quoting* United States v. Lawson, 947 F.2d 849, 853 (7th Cir. 1991). Friday has neither shown that his counsel's performance was deficient nor shown that he was in any manner prejudiced by any alleged deficiency.

Friday fails to set forth any factual basis for his contention that counsel was ineffective. In his first claim, he contends that counsel "was not effective in addressing mental illness in my case with the courts, and mental illness is justifiable ground for a downward departure filing." (Doc. 66 at 2). Friday further asserts that "I find it egregious that my lawyer and the Honorable Judge DuBose did not find my mental illness history as relevant grounds for a downward departure at sentencing." (*Id*. at 4). Friday has failed, however, to proffer any evidence that his reported depression (doc. 59 at ¶¶ 61-62) was not manageable on the medications prescribed by treating psychiatrists. He has also failed to provide any legal support for his contention that the

5

District Court had authority to impose any sentence less than the statutory minimum of 120 months.[2]

In his second claim, Friday contends that his counsel "did not fully make me aware of the fact that the drug trafficking charge would yield another 5 year sentence even though I never engaged in the act of drug trafficking." (Doc. 66 at 2). His contention that he did not engage in drug trafficking is predicated on his mistaken assertion that:

> I did not sell drugs across state lines. I did not manufacture drugs across state lines. I did not have people purchase Sudaphedrin for me to use in my manufacturing across state lines.

(*Id*.). Friday clearly miscomprehends the fact that his conviction of any federal drug trafficking offense is not dependent on the drugs crossing state lines. Congress's power to regulate interstate commerce includes the power to proscribe ***intrastate*** drug trafficking activities. See, United States v. Wrightwood Dairy Co., 315 U.S. 110, 119 (1942)(Congressional power under the Commerce Clause "extends to those activities intrastate which so affect interstate commerce, or the exertion of the power of Congress over it, as to make their regulation an appropriate means to attainment of a legitimate end, the effective execution of the granted power to regulate interstate commerce." ); Gonzales v. Raich, 545 U.S. 1, 17 and 34-35 (2005)(explaining Congress's power to regulate ***intrastate*** drug related activities). *See also* 21 U.S.C. § 801(4), (6).

Moreover, Friday's claim fails because it is essentially an attack on his guilty plea. The Supreme Court has provided specific direction as to how Strickland prejudice must be alleged

---

[2] Friday also asks the Court to intervene "in not only granting this downward departure, but also in helping me get my appropriate treatment" in prison. (Doc. 66 at 4). The Court is, however, without authority in this § 2255 proceeding to address the conditions of Friday's confinement. *See e.g.*, Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991)(finding that § 2255 was not applicable to the petitioner's claim that he was not receiving adequate medical care for his heart condition); Isacson v. United States, 2013 WL 6097231, *6 (N.D. Ga., November 19, 2013)(same); Fulton v. United States, 2011 WL 1262166, *2 (N.D. Ga. March 30, 2011).

and proved with respect to guilty plea claims. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The Supreme Court held that, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Friday does not assert (much less prove) that, but for his attorney's errors, he would not have pleaded guilty to these counts and instead would have gone to trial. In fact, he readily admits the contrary: "I must state that I am not trying to fight my conviction, but I am only asking to be properly sentenced to the mandatory minimum that this type of case usually has of being a 60-month sentence." Doc. 66 at 4. Even if Friday had shown his counsel's performance to be constitutionally ineffective, he has neither alleged nor establishes that he was prejudiced by any conduct of his counsel. Prejudice is established when there is a reasonable probability that the result of the proceedings would have been different had counsel not performed deficiently. Strickland, 466 U.S. at 694; Boschen v. United States, 845 F.2d 921, 922 (11th Cir. 1988); Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir.1987).

An attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. The Eleventh Circuit has addressed the issue and held that:

> When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992). ... Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. ***This burden, which is petitioners' to bear, is and is supposed to be a heavy one***. And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial ... worked adequately." *See* White v. Singletary, 972 F.2d 1218, 1221 (11th Cir. 1992). Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

7

Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994) (emphasis added); *see also* Chandler v. United States, 218 F. 3d 1305, 1315 (11th Cir. 2000) (*en banc*) ("And because counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."); McNeil v. United States, 2011 WL 3320510, *1, n.1 (S.D. Ala. August 2, 2011)(same). The standard is even higher where experienced counsel, such as William E. Scully , Jr., is involved. Jefferson v. Hall, 570 F.3d 1283, 1302 (11th Cir. 2009), *citing* Chandler, 218 F.3d at 1316 ("When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger.").

## IV. EVIDENTIARY HEARING UNNECESSARY

Friday did not request, and there is no need for, an evidentiary hearing because his claims can be resolved based on the existing record. Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983)(" An evidentiary hearing is not required where, as here, the district court can determine the merits of the ineffectiveness claim based on the existing record."); *see also* Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)("[D]istrict court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous."); United States v. Mobley, 2013 WL 4166553, *22 (S.D. Ala., August 15, 2013)("There is no need for an evidentiary hearing [because] [o]n the existing record, Mobely has not presented non-conclusory facts that, if true, would entitle her to relief."). *See also*, San Martin v. McNeil, 633 F.3d 1257, 1271 (11th Cir. 2011) ("'An evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is

8

not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics.'"), *quoting* Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006).

V.     PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned further recommends that a certificate of appealability in this case be denied. 28 U.S.C. § 2255; Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, (2000); *see* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further'."). Inasmuch as it is clear that Friday's claims for relief made pursuant to § 2255 are without merit, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that the petitioner should be allowed to proceed further. *See* Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

9

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

In the instant case, Petitioner's claims do not warrant the issuance of a Certificate of Appealability. Petitioner's claims are without merit. Therefore, no reasonable jurist could differ on the appropriate disposition of the petition on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability. Because Petitioner is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is also due to be denied.

## CONCLUSION

For the reasons set forth above, Friday has failed to establish that he was denied effective assistance of counsel. It is, therefore, the recommendation of the undersigned that his § 2255 motion be **DENIED**. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be **DENIED**.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  26th   day of February, 2014.


                                                          /s/ Katherine P. Nelson
                                                        **KATHERINE P. NELSON**
                                                        **UNITED STATES MAGISTRATE JUDGE**