**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 2:11-00090-KD-N** |
| | ) | |
| **BLAKE EDWARD FRIDAY,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This action is before the Court on the motion for early termination of supervised release filed by Defendant Blake Edward Friday (doc. 87) and the United States' response (doc. 89). The motion was heard on August 25, 2023. Upon consideration of the motion, response, the Probation Officer's report, and the testimony at the hearing, and for reasons set forth herein, the Motion is GRANTED.  Accordingly, Friday is discharged from supervision.

 In 2011, Friday pled guilty and was convicted of the offenses of conspiracy to manufacture methamphetamine (Count 1), conspiracy to possess with intent to distribute methamphetamine (Count 2), possession with intent to distribute methamphetamine (Count 4), possession of a firearm during a drug trafficking offense (Count 5), possession of a firearm by an unlawful user of a controlled substance (Count 6), and possession of a listed chemical with intent to manufacture methamphetamine (Counts 8, 13, 18 and 22) (doc. 63).   He was sentenced to a term of 60 months as to each of Counts 1, 2, 4, 6, 8, 13, 18 and 22, to serve concurrently, and as to Count 5, he was sentenced to 60 months, to serve consecutively, for a total of 120 months.

Friday received a sentence reduction from 60 months to 57 as to his controlled substance offenses in Counts 4, 6, 8, 13, 18 and 22. However, he remained subject to the 60-month sentence for Counts 1 and 2, to be served concurrently, and the 60-month sentence for Count 5, to be served consecutively, for a total of 120 months (docs. 80-82).

Friday's sentence included a five-year term of supervised release as to Counts 1, 2 and 5 and a three-year term of supervised release as to Counts 4, 6, 8, 13, 18 and 22, to serve concurrently (doc. 63, p. 6). Friday completed his sentence and supervision began November 21, 2019.

Friday now moves the Court for early termination of supervised release. He states that he has completed two-thirds of his term of supervision, paid all fines within six months of release, has not tested positive for illegal drugs, maintained continuous employment, and built relationships with his daughter, family, and friends. At the hearing, Friday testified that is currently working as a heavy equipment operator and has been in that position for approximately two years.

The United States objects to early termination pointing out that Friday does not support his claims with any evidence. The United States' primary concern was that Friday had been a user of methamphetamine and in methamphetamine cases, after such a short period of supervision, Friday could return to the use of methamphetamine.

As to Friday's conduct during supervision, his supervising Probation Officer reports that Friday has complied with all conditions of supervision and successfully completed post-release drug and mental health treatment.[1] The Probation Officer also considered certain criteria which create a presumption in favor of early termination and indicated that Friday qualifies for consideration.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of

---

[1] As a Special Condition of Supervised Release, Friday was to participate in drug and alcohol abuse treatment and mental health treatment or counseling as directed by the Probation Office (doc. 63, p. 3).

probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Friday has met the statutory requirement that he serve at least one year of supervision. Therefore, the Court considers the relevant factors in 18 U.S.C. § 3553(a) to determine whether his conduct and the interests of justice warrant early termination. Specifically, the Court has considered the "nature and circumstances" of Friday's offenses and his "history and characteristics." 18 U.S.C. § 3553(a)(1). And considered the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

Upon consideration of the foregoing, and the testimony at the hearing, the Court finds that early termination would serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct" 18 U.S.C. § 3553(a)(2)(A) and (B). The Court specifically acknowledges the Probation Officer's report that Friday has complied with all conditions of release and completed the requisite treatment. The Court also acknowledges that Friday has maintained steady employment in a position where he is subject to drug screening, has not tested positive for methamphetamine during supervisions, and has established relationships within his community, including his girlfriend and daughter. The Court also acknowledges that information provided at sentencing indicated that Friday had ceased methamphetamine use two years prior to his sentencing through the successful completion of Celebrate Recovery.

 Accordingly, the Court is satisfied that Friday's present conduct and the interests of

justice warrant early termination of his supervision. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the 28th day of August 2023.

**/s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**